```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**EBRAHIM ADKINS,**

                    **Petitioner,**

          v.                        CASE NO. 12-3194-SAC

**SAM BROWNBACK, et al.,**

                    **Respondents.**


**O R D E R**

    This matter comes before the court on pro se document titled as seeking a writ of mandamus for declaratory and injunctive relief, as well as damages, on allegations apparently related to petitioner's state court conviction.

    Petitioner also seeks leave to proceed in forma pauperis. The court grants this motion based upon petitioner's limited financial resources. Because petitioner is no longer a "prisoner" as defined by 28 U.S.C. § 1915(h),[1] the fee provisions imposed by the Prison Litigation Reform Act in 1996 do not apply.

    While the petition is not clear, it appears petitioner is alleging misconduct by current and former state and county officials, judges, and employees concerning petitioner's state conviction and petitioner's service of his sentence. Petitioner also cites his Social Security disability status as barring application of

---

[1] The Kansas Department of Corrections discharged petitioner in September 2008 upon expiration of his state sentence. Petitioner does not identify or reference any subsequent or current confinement by any other authority on pending or resolved criminal charges.

unspecified limitation periods, and seeks a court mandate of clemency.

Under 28 U.S.C. § 1361, "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  This federal statute authorizing action in nature of mandamus applies only to officers or employees of United States or any agency thereof, and does not authorize federal court to issue writs of mandamus to state officials or agencies.

All respondents named by petitioner in the present case are current and former officials and employees of the State of Kansas. Because petitioner does not seek mandamus relief from an "officer or employee of the United States or any agency thereof," the petition is clearly deficient.  *See Amisub(PSL), Inc. v. State of Colo. Dept. of Social Services,* 879 F.2d 789, 790 (10th Cir.1989)("No relief against state officials or state agencies is afforded by § 1361."). Accordingly, the petition is dismissed as a legally frivolous action over which this court lacks jurisdiction.  *See Sockey v. Gray,* 159 F. Appx. 821, 822 (10th Cir.2005)(holding federal courts are without jurisdiction to grant a writ of mandamus against state and local officials);  cf.  *Craigo  v.  Hey,*  624  F.Supp.  414 (S.D.W.Va.1985)(petition for writ of mandamus seeking to compel state court to schedule a case for trial is dismissed sua sponte for lack of federal jurisdiction and as legally frivolous).

To the extent this pro se action can be liberally construed as seeking something other than federal mandamus relief as titled and argued by petitioner, it is dismissed as frivolous and abusive, as

seeking damages barred by the Eleventh Amendment and judicial immunity, and as stating no cognizable claim under federal law. 28 U.S.C. § 1915(e)(2)(B).

    IT IS THEREFORE ORDERED that the petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is granted, and that the petition is dismissed.

    **IT IS SO ORDERED.**

    DATED: This 25th day of September 2012 at Topeka, Kansas.

    s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge